# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA TRIPLETT,<br>　　　　Plaintiff,<br>vs.<br><br>THE CITY OF IRVING, et al.,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br>Civil Action No. 3:17-CV-1022-K-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the plaintiff's *Motion for Default Judgment*, filed September 14, 2017 (doc. 24). Based on the relevant filings and applicable law, the motion should be **DENIED**.

## I.

The plaintiff filed this *pro se* action under the Fair Debt Collection Practices Act (FDCPA) and federal criminal statutes against several municipal officials on April 14, 2017. (*See* doc. 3.) Prior to serving the defendants, he amended his complaint on June 6, 2017. (*See* doc. 9.) All of the defendants named in the amended complaint subsequently moved to dismiss it for failure to state a claim. (*See* doc. 12.) The plaintiff then sought and received permission to file a second amended complaint adding a new defendant, City of Irving Peace Officer Timothy Cassout, in his official capacity only. (*See* docs. 17-19.) He filed a return of service indicating that a summons had been served on a Subpoena Coordinator on August 10, 2017. (*See* doc. 23.) He now seeks default judgment based on the officer's failure to file an answer. (*See* doc. 24.)

## II.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default

may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the plaintiff has not moved for entry of default, so no default has been entered by the Clerk. Without a prior entry of default, the plaintiff has no basis for seeking a default judgment.

To the extent that the motion may be construed as seeking entry of default, the plaintiff has not established a default. He has sued the officer in his official capacity only. An official capacity claim is another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (noting "[i]t is *not* a suit against the official personally, for the real party in interest is the entity") (emphasis in original). The official capacity claim against the officer is therefore a claim against the City of Irving, which has already appeared and defended the action by filing a motion to dismiss. *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")).

Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic

2

remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Id*. at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). All defendants have moved to dismiss this action for failure to state a claim. Entry of default judgment is not warranted.

## III.

The plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED on this 15th day of September, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE