IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA TRIPLETT, § | | |
| Plaintiff, § | | |
| vs. § | Civil Action No. 3:17-CV-1022-K-BH | |
| § | | |
| THE CITY OF IRVING, et al., § | | |
| § | | |
| Defendant. § | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendants' 12(b)(6) Motion to Dismiss*, filed June 14, 2017 (doc. 12), and the plaintiff's *Motion for Judgment on Pleadings*, filed October 25, 2017 (doc. 28). Based on the relevant filings and applicable law, the defendants' motion to dismiss should be **GRANTED,** and the plaintiff's motion for judgment on the pleadings should be **DENIED**.

### I. BACKGROUND

On April 13, 2017, Joshua Triplett (Plaintiff) filed suit against several defendants alleging violations of the Fair Debt Collection Practices Act (FDCPA) and federal criminal statutes. (doc. 3 at 1.) He subsequently amended his complaint to assert claims only under the FDCPA against the City of Irving, Irving Municipal Court, Beth Van Duyne, Laura Anderson, Melinda Willwerth, Candace Chapel, and Timothy Cassout (Defendants) in their official capacities. (doc. 19 at 1.) Plaintiff seeks "[r]eimbursements from damages caused by the Defendants[,] . . . [d]amages pursuant to 15 U.S.C. 1692k(A)(2)(a) & (B)(1), and [p]unitive damages." (*Id*. at 6.)

On April 27, 2016, Plaintiff was stopped by "City of Irving Peace Officer Timothy Cassout." (*Id*. at 2.) Cassout requested Plaintiff's driver's license and insurance, and Plaintiff "handed him a copy of the Texas Transportation Code 502.003 and stated that [he] did[ not] need a [d]river's [l]icense

or [r]egistration for [his] automobile, because those were commercial instruments, and that [he] was traveling not driving." (*Id*.) He was subsequently issued a traffic citation allegedly containing the wrong driver's license number, name, address, and time and date of the traffic stop. (*Id*.) That same day, Plaintiff alleges that he "sent the traffic citation back (not signed) stating that [he] did not agree to that contract or proceedings, with a [s]pecial [a]ppearance and an [a]ffidavit of truth to the Irving City Municipal Court." (*Id*.)

Plaintiff was sent a court date, and after he failed to appear, and he was sent a "warning stating that if [he] did not respond, there [would] be a warrant for [his] arrest." (*Id*.) He also "received an amended complaint with [one] alleged claim on it." (*Id*.) He responded by sending "a copy of the Texas Transportation Code 502.033" and a letter stating that he does not have a contract regarding his registration and that he does "not consent to their contract or agree to their proceedings" but he received no response. (*Id*. at 2-3.) Upon discovering that he owed a debt to the Irving Municipal Court, he allegedly attempted to validate the debt with a debt validation letter but received no response. (*Id*. at 3.) On April 25, 2017, Plaintiff alleges he was "unlawfully arrested and detained and [his] personal automobile was unlawfully taken for a debt that was never validated by contract or judgment . . . ." (*Id*.)

On June 14, 2017 Defendants moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. (doc. 12) With a timely filed response and reply, this motion is now ripe for recommendation. (docs. 20 & 21)

## II. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's second amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (docs. 12 at 1; 20 at 1.)

2

**A.      Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.

 "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**B.      Fair Debt Collection Practices Act**

Defendants assert that Plaintiff fails to state a claim because the FDCPA does not apply to a traffic citation debt.  (doc. 12 at 1, 3-4.)

The FDCPA is a federal statute that "makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." *Perry v. Stewart Title Company*, 756 F.2d 1197, 1208 (5th Cir. 1985).  A plaintiff must first state sufficient facts to indicate that the debt in question here is a "consumer debt" as defined by the FDCPA.  *Turner v. Nationstar Mortgage LLC*, No. 3:14-CV-1704-L-BN, 2015 WL 585598, at *5 (N.D. Tex. Feb. 11, 2015).  The FDCPA defines a "consumer" as a "natural person obligated or allegedly obligated to pay any debt" and a "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money [or] property . . . which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(3)-(5).  To ascertain whether a debt constitutes a "consumer debt" with respect to the FDCPA, the inquiry must "focus on the nature of the debt that was incurred." *Turner*, 2015 WL 585598, at *5; *see also Vick v. NCO Fin. Sys., Inc.*, No. 2:09-CV-114, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011).

Here, Plaintiff's "debt" is a traffic citation fine.  (*See* doc. 19)  "This does not qualify as a 'consumer debt' such that the FDCPA applies." *Algoe v. Texas*, Nos. 3:15-CV-1162-D, 3:15-CV-1204-D, 2016 WL 6902154, at *11 (N.D. Tex. Sept. 29, 2016), *adopted by* 2016 WL

6893682 (N.D. Tex. Nov. 21, 2016), citing *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (holding that municipal fines "cannot be reasonably understood as debts arising from consensual consumer transactions for goods and services"); *Williams v. Redflex Traffic Sys., Inc.*, No. 3:06–CV–400, 2008 WL 782540, at *5 (E.D. Tenn. Mar. 20, 2008) (finding that unpaid traffic fine is not a debt under FDCPA); and *Yon v. Alliance One Receivables Mgmt., Inc.*, No. 0:07–CV–61362, 2007 WL 4287628, at *1 (S.D. Fla. Dec. 5, 2007) (finding that unpaid traffic ticket fine is not a debt under the FDCPA). Because the FDCPA does not apply, Plaintiff's claims should be dismissed.

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600,

at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff has twice amended his complaint, with the last amendment being in response to the defendants' motion to dismiss. His claim still fails as a matter of law. It appears that he has alleged his best case, and his claims should therefore be dismissed with prejudice without further opportunity to amend.

## IV. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED,** and Plaintiff's claims should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. Plaintiff's motion for judgment on the pleadings should be **DENIED.**

**SO ORDERED** on this 20th day of December, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE